Per Curiam:
On October 9, 1961, the court allowed defendant’s motion to dismiss as to plaintiff S. H. Couch Company, Inc., hereinafter called Couch. On November 8, 1961, Couch moved for a rehearing and for alteration of judgment. The motion was set down for oral argument.
The court has again considered the written agreement of September 29,1958, between Connecticut Valley Enterprises, Inc., hereinafter called CVE, and Couch, as modified by supplemental agreements. We find that this agreement does not convey to Couch the right to exclude others which is the basic right of a patent grant. The agreement does not even convey to Couch any right to sublicense others. The agreement does not convey to Couch an ownership interest such as required under Title 28 U.S.C., Section 1498 to enable Couch to appear before this court as a plaintiff seeking the recovery of reasonable and entire compensation for defendant’s use of an invention without license of the owner thereof. While Couch may have desired that no patent licenses be granted to others by CVE without the assent of Couch, no such limitation is found in the agreement. Ownership in *259 terests are determined by the terms of written instruments rather than by the unexpressed intent of the parties.
With respect to the agreement between CYE and C. P. Clare & Company dated August 28, 1961, a date subsequent to defendant’s motion to dismiss as to Couch, we believe that this has no bearing on our interpretation of the agreement between CVE and Couch. Because of the then unsettled status of Couch before this court, it is clear that a prospective licensee would desire to protect his rights by requiring that an agreement with CYE be contingent upon the assent of Couch thereto.
The motion of Couch for rehearing and to alter judgment is denied.
It is so ordered.